# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CARLITO BERNABE and CLARA BERNABE,

        Plaintiffs,

  vs.

DITECH FINANCIAL LLC,

        Defendant.

Case No.: 2:16-cv-0997-GMN-PAL

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendant Ditech Financial LLC ("Defendant"). Pro se Plaintiffs Carlito Bernabe and Clara Bernabe (collectively "Plaintiffs")[1] filed a Response, (ECF No. 9), and Defendant filed a Reply, (ECF No. 10). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    BACKGROUND**

This case arises from alleged violations of the Federal Debt Collections Practices Act (the "FDCPA"). *See* 15 U.S.C. § 1692. Plaintiffs allege that Defendant violated the FDCPA in its "continued attempts to collect an alleged debt [D]efendant claims is owed" but that "Plaintiffs are without knowledge of the alleged debt." (Compl. ¶ 5, ECF No. 1).

Defendant sent Plaintiff a notice (the "Notice" or "Notices") in February 2016, stating in bold font: "THIS IS NOT A BILL.  THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY." (the "warning"). (Ex. A to Compl. at 16).  In response to this Notice,

---

[1] In light of Plaintiffs' status as pro se litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiffs sent Defendant a Notice of Validation of Debt asking Defendant to validate or verify their debt pursuant to the FDCPA. (*Id.* ¶ 7). Defendant responded with the Deed of Trust (the "Deed") from the lender Homecomings Financial Network, Inc. ("Homecomings"). (*Id.* ¶ 8). Plaintiffs point out that "[a]bsolutely nowhere [on the Deed] is the name [of Defendant], nor is there any documents [sic] with the name [of Defendant]. There is absolutely zero documentation that proves a debt with [Defendant], nor any contract with [Defendant] what so ever [sic]." (*Id.*). Plaintiffs contend that Defendant has committed "deceptive and illegal acts in their attempt to collect the alleged debt." (*Id.* ¶ 12).

Based on these allegations, Plaintiff's Complaint asserts that Defendant violated 15 U.S.C. §§ 1692g, 1692e(11), 1692d, 1692f, and 1692e(2). (*See generally id.*).

Defendant filed the instant Motion because "Plaintiffs' pleadings fail to satisfy the requirement of Fed. R. Civ. P. 12(b)(6)." (Mot. to Dismiss ("MTD") 1:27–28, ECF No. 6). Specifically, Defendant asserts that "none of the correspondence [with Plaintiff] was made in connection with the collection of a debt." (*Id.* 5:5–6). Defendant seeks the Complaint to be dismissed with prejudice because "the Court already has before it all of the documents upon which Plaintiffs rely to allege violations of the FDCPA." (*Id.* 8:3–5).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

Plaintiffs allege that Defendant committed three violations of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"): (1) Defendant failed to properly validate the debt pursuant to § 1692g; (2) Defendant failed to include the proper language on its correspondence

to Plaintiffs pursuant to § 1692e(11); and (3) Defendant's correspondence was harassing, oppressive, abusive, unfair, and misleading pursuant to §§ 1692d, 1692f, and 1692e(2). (Compl. ¶ 18).

"The FDCPA imposes liability only when an entity is *attempting to collect debt*. For the purposes of the FDCPA, the word 'debt' is synonymous with 'money.' Thus, [a defendant] would only be liable if it attempted to collect money from [the plaintiff]." *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 621 (9th Cir. 2016) (emphasis added). That is not the case here. All of Plaintiffs' allegations are premised on Defendant's Notices sent to Plaintiffs that made "numerous claims by [D]efendant regarding an alleged loan." (Compl. ¶ 6). However, the Notices provide the warning in bold letters, informing Plaintiffs that Defendant is not attempting to collect a debt through the Notices. (Ex. A to Compl. at 13).

Plaintiffs fail to show how Defendant attempted to collect a debt from them, a necessary requirement for a claim under the FDCPA. In fact, Plaintiffs' allegations are directly contradicted by the Notices that Plaintiffs attached to their Complaint,[2] each with the identical warning that the Notices are not bills. (*See* Exs. A–D to Compl. at 13, 16, 19, 20, 41). Instead, the Notices seem to merely inform Plaintiffs that Defendant is now servicing the debt.

As Plaintiffs are aware, Defendant provided Plaintiffs with a separate notice, attached to Plaintiffs' Complaint, informing them that Defendant is now the servicer of Plaintiffs' mortgage. (Ex. E to Compl. at 44). Therefore, the Notices Defendant sent to Plaintiffs are not

---

[2] Moreover, Defendant attaches to its Motion to Dismiss the assignments that occurred resulting in Defendant's management of Plaintiffs' debt. (*See* Exs. B–C to MTD, ECF Nos. 6-2, 6-3). The original lender, Homecomings, assigned its interest in Plaintiffs' Deed to GMAC Mortgage, LLC ("GMAC"), (*see* Ex. B to MTD), and GMAC assigned its interest to Green Tree Servicing LLC ("Green Tree"), (*see* Ex. C to MTD). Attached to Plaintiffs' Complaint is a letter from Green Tree, notifying Plaintiffs that "[Green Tree] and Ditech Mortgage Corp will combine to form [Defendant]." (Ex. E to Compl. at 44). The letter states that "[a]ll correspondence and digital communications regarding your account will come from [Defendant]." (*Id.*). It therefore appears that Defendant properly owns the Deed. Given this likelihood, the Court finds it unlikely that Plaintiffs can remedy the Complaint to successfully allege a violation of the FDCPA against Defendant, but the Court nevertheless dismisses Plaintiffs' Complaint without prejudice.

seeking to collect Plaintiffs' debt, as specified with the warnings on the face of each Notice. Because the entirety of Plaintiffs' Complaint is based on these informational Notices rather than Defendant attempting to collect Plaintiffs' debt, the Court grants Defendant's Motion without prejudice.

### A. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiffs shall file their second amended complaint within twenty-one days of the date of this Order if they can allege sufficient facts that plausibly establish their FDCPA claims against Defendant. Failure to file a second amended complaint by this date shall result in the Court dismissing the claims with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Ditech Financial LLC's Motion to Dismiss, (ECF No. 6), is **GRANTED**. Plaintiffs' Complaint is **DISMISSED without prejudice**. Plaintiffs shall have twenty-one days from the filing date of this Order to file a second amended complaint. Failure to file a second amended complaint by this date shall result in the Court dismissing their claims with prejudice.

DATED this __27__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge